UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| PANSY MAE CHRISTIAN, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:09-CV-141 (VARLAN/GUYTON) |
| STANLEY WORKS, WAL-MART STORES, INC., CRAIN ENTERPRISES, INC., and MID SOUTH AUTOMATIC DOOR | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This civil action is before the Court on plaintiff Pansy Mae Christian's Motion to Remand [Doc. 18], in which plaintiff moves the Court, pursuant to 28 U.S.C. §§ 1447(c) and (e) for an order remanding this case to the Campbell County Circuit Court of Tennessee based on lack of subject matter jurisdiction. Defendants Stanley Works, Wal-Mart Stores, Inc., Crain Enterprises, Inc., and Mid-South Automatic Door (collectively "defendants") have responded in opposition [Doc. 20], and plaintiff has filed a reply [Doc. 21]. The matter is ripe for determination.

**I.   Facts and Procedural History**

On or about March 2, 2009, plaintiff filed the complaint initiating this case in the Campbell County Circuit Court of Tennessee [Doc. 1-1]. The defendants in that initial complaint were Stanley Works ("defendant Stanley"), a Connecticut corporation, and Wal-

Mart Stores, Inc. ("defendant Wal-Mart"), an Arkansas corporation [*see id.*]. On or about March 23, 2009, defendant Stanley and defendant Wal-Mart filed a notice of removal based on diversity jurisdiction and pursuant to 28 U.S.C. §§ 1441, 1446, and 1332 [*see* Doc. 1]. On November 4, 2009, plaintiff filed the first motion to amend the initial complaint [Doc. 6]. The first motion to amend was unopposed and granted by the Court.

On November 16, 2009, plaintiff filed her second motion to amend the first amended complaint (the "second motion to amend") [Doc. 9]. Plaintiff's second motion to amend requested the addition of Mid-South Automatic Door ("Mid-South") and Crain Enterprises, Inc. ("Crain") as defendants [*Id.*]. Mid-South and Crain were alleged by plaintiff to be sister companies domiciled and located in Tennessee [Doc. 9-1; Doc. 15]. The second motion to amend was also unopposed and granted by the Court [*see* Doc. 12; Doc. 15]. Thus, Mid-South and Crain, non-diverse parties, were added as non-diverse defendants to this case and, at the time of this motion to remand, diversity of citizenship no longer exists between plaintiff and all defendants.

Plaintiff filed this motion to remand [Doc. 18] on February 15, 2010, asserting that the addition of defendant Mid-South and defendant Crain to this case destroyed the complete diversity of citizenship that is required among defendants in an action in federal court based on diversity jurisdiction and asserting that this case should be remanded for lack of subject matter jurisdiction pursuant to 28 U.S.C. §§ 1447(c) and (e). In opposition, defendants assert that plaintiff has known the identities of defendant Mid-South and defendant Crain since June 2009 when these companies were identified by defendants' answers to interrogatories

and therefore plaintiff has delayed, without reason or justification, in moving to add the non-diverse defendants to this case. Defendants also assert that the non-diverse defendants are not essential parties for this case because any alleged negligence asserted against them by plaintiff will be imputed to defendant Stanley and defendant Stanley or an insurance company on behalf of defendant Stanley will be responsible for paying any judgment. Finally, defendants assert that plaintiff would not be significantly disadvantaged if the Court were to drop defendant Mid-South and defendant Crain from this case.

**II.    Analysis**

As the Court is required to do on a motion to remand, all questions of fact and ambiguities in the law will be resolved in favor of the non-removing party. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (quoting *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir.1994)). An action may be removed from state to federal court only if it could have been brought there in the first place; that is, if the federal court would have original jurisdiction over the case. *See* 28 U.S.C. § 1441(a). A federal court has original subject matter jurisdiction over two types of actions. The first type, which is not applicable here, involves those actions arising under a federal question. *See* 28 U.S.C. § 1331. The second type, the type at issue in this case, involves those actions where there is complete diversity of citizenship and an amount in controversy greater than $75,000, excluding costs and fees. *See* 28 U.S.C. § 1332. If at any time before a final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. *See* 28 U.S.C. § 1447(c).

The party removing an action to federal court has the burden of showing that federal jurisdictional requirements are satisfied. *See Gafford v. Gen. Elec. Co.*, 493, 158 (6th Cir. 1993); *Coyne*, 183 F.3d at 493. "When an action is removed based on diversity, we must determine whether complete diversity exists at the time of removal. Indeed, '[d]iversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation.'" *Coyne*, 183 F.3d at 492 (citations omitted). However, the United States Court of Appeals for the Sixth Circuit has stated, "that in a situation . . . where an amended complaint is filed to include the identity of a previous unidentified defendant, diversity must be determined at the time of the filing of the amended complaint." *Curry v. United States Bulk Transport, Inc.*, 462 F.3d 536, 540 (6th Cir. 2006); *see also Amer. Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP.*, 362 F.3d 136, 141-42 (1st Cir. 2004) (holding that the introduction of a non-diverse defendant in place of a diverse defendant in an amended complaint destroyed diversity and the court's jurisdictional basis).

Courts are given discretion to determine whether to grant a plaintiff's motion to amend after removal when such motion would destroy diversity jurisdiction. *See City of Cleveland v. Deutsche Bank Trust Co.*, No. 1:08cv0139, 2008 WL 3822939, at *12-13 (N.D. Ohio Aug. 8, 2008). Title 28 U.S.C. § 1447(e) provides that:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447(e). "The general impetus for applying § 1447(e) is for the trial court to use its discretion and determine if allowing joinder would be fair and equitable." *City of Cleveland*, 2008 WL 3822939, at *12-13 (citations omitted).

Defendants argue that plaintiff was dilatory in adding the non-diverse defendants, the non-diverse defendants are not essential to this case, and plaintiff would not be significantly disadvantaged if they were dropped and complete diversity maintained. In support, defendants cite *City of Harrisburg v. International Surplus Line*, 596 F. Supp. 954 (M.D. Pa. 1984), *aff'd*, 770 F.2d 1067 (3d. Cir. 1985) (table), asserting that the Court may drop the non-diverse defendants because a non-diverse party "may be dropped to achieve diversity if its presence is not essential to a just adjudication." *City of Harrisburg*, 596 F. Supp. at 956. In addition, citing *Gieringer v. The Cincinnati Insurance Companies*, No. 3:08-CV-267, 2008 WL 4186931 (E.D. Tenn. Sept. 5, 2008), defendants also assert that the Court should consider "whether the plaintiff has been dilatory or is trying to destroy diversity, whether the plaintiff will be significantly disadvantaged if the amendment is allowed, and whether remanding the action to state court will prejudice the defendant." *Gieringer*, 2008 WL 4186931, at *5.

The Court does not find *City of Harrisburg* determinative of the issue presented in this case. First, *City of Harrisburg* was in a different procedural position. *City of Harrisburg* was not a case filed in state court and remanded to federal court after diversity was destroyed upon joinder of non-diverse defendants, as is the posture of this case, but a case initially filed in federal court and the district court, on its own and while considering the defendants'

5

motion to dismiss for failure to state a claim, determined that diversity jurisdiction was lacking. *City of Harrisburg*, 596 F. Supp. at 956. Further, in this case, defendants have not filed a motion to dismiss.

Second, in *City of Harrisburg*, the party whom the court found to be dispensable or not essential had not had an independent basis of liability asserted against it. *Id.* at 957. In this case, plaintiff has alleged causes of action based on negligence arising out of an injury plaintiff allegedly suffered from an incident involving an automatic door at a store owned by defendant Wal-Mart. Plaintiff alleged in the amended complaint that the non-diverse defendants are "otherwise responsible for the installation, maintenance and control of the door . . . ."[Doc. 11, ¶ 4; *see also* Doc. 9]. Accordingly, because plaintiff has alleged that the non-diverse defendants played a role in causing plaintiff's injuries, and because the Court cannot determine the exact nature, essential or otherwise of the non-diverse defendants from the limited pleadings filed thus far, the Court cannot conclude that the non-diverse defendants are dispensable or are not essential parties. Further, as one court has noted, the "focus on the issue of indispensability/nondispensibility under Rule 19 is . . . misdirected because it disregards the express terms of 28 U.S.C. § 1447(e)." *Farver v. Glaxo Wellcome, Inc.*, 181 F. Supp. 2d 781, 784 (N.D. Ohio 2001) (stating that when a non-diverse defendant was added, pursuant to Rule 19, the court would follow the dictates of § 1447(e) and not engage in the indispensability/non-dispensability analysis applied in cases where non-diverse

6

defendants are substituted for diverse defendants pursuant to Rule 25 because such would "promote manipulation of diversity jurisdiction").[1]

The Court also finds that the considerations articulated in *Gieringer* do not apply to this case, which, unlike *Gieringer*, involves a motion to remand filed *after* the Court granted plaintiff's unopposed motion to add non-diverse defendants. In *Gieringer*, the court was considering whether to permit the plaintiff's motion for joinder of a non-diverse defendant and motion for remand *at the same time* and *over the opposition* of the defendant. *Gieringer*, 2008 WL 4186931, at *1. After considering the factors articulated above, *see id.* at *5, the *Gieringer* court denied the motion for joinder and remand finding "strong indications" that the plaintiff's purpose in seeking to add the non-diverse defendant was solely to destroy diversity, that plaintiff offered no reason why the non-diverse defendant was omitted from the original complaint, and the plaintiff would not be significantly disadvantaged if the joinder were denied. *Id.* at *2-3.

Defendants removed this case based on diversity jurisdiction and complete diversity existed at the time of removal. However, unlike in *Gieringer*, defendants in this case did not oppose plaintiff's request to add the non-diverse defendants, the addition of which destroyed complete diversity [*see* Doc. 12; Doc. 19, p. 2; Doc. 20, p. 4]. Given that defendants were aware of the identity of the non-diverse defendants [*see* Doc. 1-1], a cursory review of plaintiff's second motion to amend would have indicated that the addition of the non-diverse

---

[1] Federal Rule of Civil Procedure 19 pertains to joinder of parties and Federal Rule of Civil Procedure 25 pertains to substitution of parties. *See* Fed. R. Civ. P. 19, 25.

defendants would destroy complete diversity. Thus, defendants should have been aware, at the time of plaintiff's second motion to amend, of the effect of the second motion to amend. Thus, because defendants did not oppose the joinder of the non-diverse defendants in the first place, the Court does not find the considerations articulated in *Gieringer* applicable on this motion to remand.

Accordingly, as provided for in 28 U.S.C. §§ 1447(e), when complete diversity is destroyed because of the joinder of additional defendants whose joinder destroys the court's subject matter jurisdiction, this Court will remand this action to the Campbell County Circuit Court of Tennessee pursuant to 28 U.S.C. §§ 1447(c) and (e).

### III. Conclusion

For the reasons stated herein, the Court finds that it lacks subject matter jurisdiction over the parties on account of a lack of complete diversity of citizenship following the joinder, to this case, of defendant Mid-South and defendant Crain. Accordingly, plaintiff's Motion to Remand [Doc. 18] is hereby **GRANTED**. Pursuant to 28 U.S.C. §§ 1447(c) and (e), this case will be **DISMISSED** and **REMANDED** to the Campbell County Circuit Court of Tennessee. The Clerk of Court is hereby **DIRECTED** to close this case. An appropriate order will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE